956 F.2d 276
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos TREVINO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Isidro TREVINO, Defendant-Appellant.
 Nos. 90-50679, 90-50684.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.
Decided Feb. 28, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos and Isidro Trevino appeal the district court's order denying their joint former Fed.R.Crim.P. 35(a) motion to correct illegal sentences. The Trevinos contend that the district court erred by ordering restitution as a term of probation because (1) the restitution order compensated the victim for loss of income, in violation of the Victim and Witness Protection Act (VWPA), 18 U.S.C. §§ 3663-64, and (2) neither the information nor the plea agreement gave notice of any loss, as required for imposition of a restitution order under the former Federal Probation Act (FPA), 18 U.S.C. § 3651 (repealed). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the denial of a Rule 35(a) motion, United States v. Fowler, 794 F.2d 1446, 1449 (9th Cir.1986), and the legality of a restitution order, United States v. McHenry, Nos. 90-10423 and 90-10424, slip op. at 17190 (9th Cir. December 27, 1991).
 
 
 4
 Under the VWPA, the district court may order a defendant to pay restitution for "damage to or loss or destruction of property of a victim" of the offense of conviction if the offense conduct directly caused the loss. 18 U.S.C. § 3663(b)(1); United States v. Niven, No. 90-50110, slip op. at 16892-93 (9th Cir. December 23, 1991) (citing Hughey v. United States, 110 S.Ct. 1979, 1981 (1990)); United States v. Garcia, 916 F.2d 566, 567 (9th Cir.1990); see United States v. Koenig, Nos. 89-50523, 89-50524, 89-50530, 89-50533, and 89-50547, slip op. at 16659 (9th Cir. December 19, 1991) (district court may order restitution under VWPA for a victim bank's expenses in notifying customers of a theft, answering customer inquiries, and reprogramming stolen accounts, but cost of reward to informant is too remote to form basis for restitution). The government bears the burden of establishing, by a preponderance of the evidence, the amount of a victim's loss. United States v. Angelica, No. 90-50696, slip op. at 15359 (9th Cir. December 6, 1991). The amount of restitution should restore the victim to his or her position before the crime. Id. at 15360 (quoting Hughey, 110 S.Ct. at 1982).
 
 
 5
 Here, the Trevinos pleaded guilty to two counts of trafficking in counterfeit goods, in violation of 18 U.S.C. §§ 2320 and 2(a) and (b). The district court imposed two concurrent terms of three years probation. On count one, which arose out conduct that occurred on February 12, 1985, the district court made payment of $649,401.50 in restitution to Palo Verde Nuclear Generating Station a term of probation for each defendant.
 
 
 6
 The Trevinos provided counterfeit circuit breakers to Palo Verde. When Palo Verde discovered that the breakers were counterfeit, it shut down for two days to replace them. The district court calculated a property loss to Palo Verde of $1,318,803 based on $20,805 for direct work to replace the breakers, $64,168 for engineering support, and $1,233,830 to buy replacement power for two days.
 
 
 7
 The Trevinos characterize the cost of the replacement power as "revenue loss" and contend that the district court erred by ordering its restitution because unlike the VWPA section governing restitution for bodily injury, the section governing restitution for property loss does not specifically mention loss of income. See 18 U.S.C. § 3662(b)(1), (2). They do not challenge the other restitution costs, nor do they challenge the computation of any of the restitution amounts.
 
 
 8
 The Trevinos' contention lacks merit because the $1,233,830 was used to buy replacement power for the two days Palo Verde was shut down. The cost of replacement power is not revenue loss. The Trevinos' conduct caused the facility to shut down, which necessitated the purchase of replacement power. Accordingly, the purchase of replacement power was not too remote to form the basis for restitution. See Koenig, slip op. at 16659. The district court therefore properly applied the VWPA by ordering restitution of $1,233,830 for the cost of replacement power. See Fowler, 794 F.2d at 1449. We need not reach the Trevinos's alternative contention that the district court did not comply with the requirements of the FPA.
 
 
 9
 We affirm the denial of the Rule 35(a) motion.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3