**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Milton F. DUVALL, III,**
**Defendant–Appellant.**

**No. 90–10197.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 15, 1991.

Decided Feb. 21, 1991.

Robert D. Caruso and Matthew Bockman, Asst. Federal Public Defenders, Las Vegas, Nev., for defendant-appellant.

Anne K. Perry, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Before CHOY, SCHROEDER and PREGERSON, Circuit Judges.

CHOY, Circuit Judge:

The only question we are left with on this appeal is whether the district court's order requiring Milton F. Duvall (Duvall), defendant/appellant, to pay $1.7 million in restitution is illegal. We conclude that it is not and we affirm.

I. Factual and Procedural Background

Duvall pled guilty to one count of mail fraud in violation of 18 U.S.C. § 1341 and one count of wire fraud in violation of 18 U.S.C. § 1343. These crimes were committed by Duvall in the course of operating an investment company. The plea agreement

---

provided that the Government could argue for what it felt was the appropriate sentence with respect to the mail fraud violation. However, the Government agreed to make a non-binding recommendation to the court that Duvall receive a period of probation for the wire fraud violation.

The plea agreement also provided that the United States would recommend that Duvall be required to pay restitution to the victims of his actions. The agreement specifically provided that restitution would not "be limited to the scope of the charges in the Superseding Information or in the underlying indictment." Thus the Government would recommend that Duvall be required to pay restitution to all the people who had been defrauded through his investment company, not just the people who were named in the two counts of fraud to which Duvall pled guilty. The agreement also stated that the court's power to order restitution arose under 18 U.S.C. § 3663 (the Victim and Witness Protection Act).[1] Though Duvall and the Government disagreed about the exact method of computing the losses of the people who had invested money with Duvall, they agreed that the amount of loss was about $1.7 million. Duvall, in a letter to the sentencing judge, emphasized his "deep[ ] ... total[ ] ... and irrevocabl[e]" commitment to restitution. At the sentencing hearing Duvall expressly concurred with the Government's recommendation that he be required to pay $1.7 million in restitution, and proposed a program of restitution.

On April 12, 1990, Duvall was sentenced to five years in jail followed by five years of probation. A special condition of the probation was that Duvall pay one third of his gross income, up to $1.7 million, into a fund for restitution to the victims of his actions.

On appeal Duvall argues that the Supreme Court's decision in *Hughey v. United States*, —— U.S. ——, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990), (decided after he was sentenced) requires that his restitution payments be limited to the amount of loss suffered by persons in the counts to which he pled guilty, an amount less than $100,000.

## II. Discussion

■ Duvall contends that it is not clear whether the part of his sentence that requires him to pay restitution was made under the Victim and Witness and Protection Act (VWPA), 18 U.S.C. §§ 3663, 3664, or was imposed as a special condition of probation pursuant to 18 U.S.C. § 3651.[2] The only fact in the record which suggests that restitution might have been ordered under the VWPA is the statement in the plea agreement that the court had power to order restitution under 18 U.S.C. § 3663 (the VWPA). However, the district judge at the sentencing hearing and in his written judgment expressly stated that restitution was imposed as a special condition of probation. Orders of restitution made as a special condition of probation may only be made under 18 U.S.C. § 3651. Thus the record in this case is clear that Duvall was ordered to pay restitution pursuant to 18 U.S.C. § 3651 and not pursuant to the VWPA. Consequently, this case is not controlled by the Supreme Court's holding in *Hughey v. United States*, —— U.S. ——, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990), that the language of the VWPA evidences "Congress' intent to authorize an award of restitution only for the loss caused by the specific conduct that is the basis of the offense of conviction." *Id.* 110 S.Ct. at 1981.

■ Duvall, at the sentencing hearing, expressly agreed to pay $1.7 million in res-

---

**1.** 18 U.S.C. § 3663(a) provides in relevant part:
The court, when sentencing a defendant convicted of an offense ... may order ... that the defendant make restitution to any victim of such offense.

**2.** 18 U.S.C. § 3651 (repealed) provides in relevant part:

While on probation and among the conditions thereof, the defendant—

.        .        .        .

May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had....

titution to the people he had defrauded. This court has clearly held that a person who has pled guilty to one count of fraud and agreed to make restitution in a specific amount for damage caused by an entire scheme to defraud, not just the damage caused by the one count on which the guilty plea was entered, may be ordered to make such restitution as a special condition of probation pursuant to 18 U.S.C. § 3651. *Phillips v. United States*, 679 F.2d 192 (9th Cir.1982). We decline to extend the Supreme Court's decision in *Hughey* to apply to an order of restitution agreed to by the defendant and imposed as a special condition of probation.

### III. Conclusion

The district court's order that Duvall pay $1.7 million in restitution to the victims of his actions was proper. The decision of the district court is AFFIRMED.