**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lawrence SNIDER, Defendant–Appellant.**

**No. 90–30024.**

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 1991 *.

Filed Sept. 26, 1991.

Withdrawn Feb. 25, 1992.

Decided Feb. 25, 1992.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Stephen C. Schroeder, Asst. U.S. Atty., Seattle, Wash., for defendant–appellant.

Michael Nance, Nance, Iaria & Gombiner, Seattle, Wash., for plaintiff–appellee.

Before WRIGHT, O'SCANNLAIN, Circuit Judges, and PRO,\*\* District Judge.

## ORDER

The government's Petition for Rehearing is GRANTED. The opinion filed September 26, 1991, reported at 945 F.2d 1108, is WITHDRAWN and the accompanying opinion is filed in lieu thereof.

## OPINION

### PER CURIAM:

Lawrence Snider, who pled guilty to a money laundering charge, challenges the restitution component of his sentence. Because the district court lacked authority to order restitution, we vacate Snider's sentence.

### I

On September 5, 1989, Snider pled guilty to a one-count information charging him with structuring a financial transaction to evade federal reporting requirements in violation of 31 U.S.C. §§ 5322(a) and 5324. A written plea agreement, which Snider

signed, stipulated the factual basis for his plea. According to that stipulation, Snider participated in the sale and promotion of a fraudulent debt-elimination scheme from March until September 1987.

Snider's information and guilty plea were based on a single transaction in which the victim suffered a loss of $18,750. The plea agreement contained the following language:

> Lawrence E. Snider acknowledges that the Court may direct him to pay restitution up to the amounts listed in the column captioned "Fee (15%)" in the Stipulated Factual Basis for Plea.

Plea Agreement at ¶ 1, *United States v. Snider*, No. 88–369 (W.D.Wash. Sept. 5, 1989). The amounts listed in the column captioned "Fee (15%)" totalled $183,250.

On December 15, 1989, the district court sentenced Snider. It assigned him to the custody of the Attorney General for imprisonment for a term of eighteen months and further ordered that he pay restitution in the amount of $183,250, to be paid jointly and severally with his codefendants who had been convicted in a separate action. Snider then filed this timely appeal, in which he challenges only the restitution component of his sentence.

### II

We review the legality of a criminal sentence, including its restitution component, de novo. *United States v. Barany*, 884 F.2d 1255, 1259 (9th Cir.1989), *cert. denied*, 493 U.S. 1034, 110 S.Ct. 755, 107 L.Ed.2d 771 (1990). If the sentence complies with statutory requirements and limits, then we review it for an abuse of discretion. *Id.*

The district court's order of restitution in the immediate case does not specify

\*\* The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation.

whether it was entered under the Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C. §§ 3663–64, or under the Federal Probation Act ("FPA"), 18 U.S.C. § 3651, *repealed by* Pub.L. No. 98–473, tit. II, 98 Stat.1987, 2031. In *United States v. Pomazi*, 851 F.2d 244, 247 (9th Cir.1988), *overruled on other grounds, Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990), we recognized that the FPA authorizes restitution only as a condition of probation. Because the district court did not even grant Snider probation, let alone condition his probation upon the payment of restitution, it follows that the FPA does not authorize the court's order.

■ Nor can the restitution order be upheld under the VWPA.[1] At the time of Snider's plea agreement and sentencing, the VWPA provided:

> The court, when sentencing a defendant convicted of an offense *under this title or under subsection (h), (i), (j), or (n) of section 902 of the Federal Aviation Act of 1958 (49 U.S.C. 1472),* may order, in addition to or, in the case of a misdemeanor, in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense.

18 U.S.C. § 3663(a)(1) (emphasis added).[2] Snider's offense, a violation of 31 U.S.C. §§ 5322 and 5324, is not among those for which the VWPA authorizes restitution.[3]

■ The information to which Snider pled guilty also alleged a violation of 18 U.S.C. § 2. The mention of section 2 does not bring the restitution order within the ambit of the VWPA. Section 2 does not establish "an offense" of which a defendant may be convicted; it merely determines which offenders may be punished as principals.

■ Federal courts have no inherent power to order restitution. *United States v. Casamento*, 887 F.2d 1141, 1177 (2d Cir. 1989), *cert. denied*, 493 U.S. 1081, 110 S.Ct. 1138, 107 L.Ed.2d 1043 (1990). This court has previously recognized that the VWPA and FPA provide the only authority under which courts may enter such an order. *See United States v. Angelica*, 859 F.2d 1390, 1392–93 (9th Cir.1988); *United States v. Signori*, 844 F.2d 635, 640 (9th Cir.1988). Since neither statute applies, the district court lacked the power to require restitution.

### III

■ The government argues that, even in the absence of any statutory authority, the restitution order can be upheld on the basis of the plea agreement. This argument proceeds from the apparent assumption that "a deal is a deal": that a criminal defendant's plea agreement is a bargain governed solely by the dictates of contract law and that a restitution order is in the nature of a settlement for civil damages. This is an erroneous assumption. Restitu-

---

1. The question of the applicability of the VWPA to Snider's conviction was raised for the first time in the government's petition for rehearing. Ordinarily, we will not consider claims not presented to the trial court. We may make an exception, however, if plain error has occurred and injustice might otherwise result. *United States v. Whitten*, 706 F.2d 1000, 1012 (9th Cir. 1983), *cert. denied*, 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984). We find such an exception appropriate in this case.

2. Nearly a year after Snider's sentencing, Congress added a provision allowing courts to order restitution "in any criminal case" pursuant to a plea agreement. Crime Control Act of 1990, Pub.L. No. 101–647, § 2509, 104 Stat. 4789, 4863 (1990) (codified at 18 U.S.C. § 3663(a)(3)). Ap-

plication of this amendment to Snider would violate the ex post facto clause of the Constitution.

3. The Commentary to section 5E1.1 of the Sentencing Guidelines states:

> An order of restitution may be appropriate in offenses not specifically referenced in 18 U.S.C. § 3663 where victims require relief more promptly than the civil justice system provides.

The Guidelines do not apply to Snider because his offense occurred prior to November 1, 1987. *United States v. Hadley*, 918 F.2d 848, 854 (9th Cir.1990), *petition for cert. filed*, Dec. 9, 1991. We express no opinion as to whether the Guidelines can or do empower courts to order restitution for offenses not covered by the VWPA.

tion imposed as a component of the defendant's sentence is a criminal penalty, not a civil remedy.

Writing for the Southern District of New York, Judge Carter has explained:

> It is true that a restitution order has some of the characteristics of a civil judgment—it is compensatory, and enforceable at civil law. However, "these characteristics do not transform a criminal sentence into a civil adjudication...." [*United States v. Brown*, 744 F.2d 905, 908 (2d Cir.), *cert. denied*, 469 U.S. 1089, 105 S.Ct. 599, 83 L.Ed.2d 708 (1984)]. Though restitution may serve some of the same functions of a civil judgment, it also achieves the traditional purposes of punishment—it can deter potential offenders, serves society's legitimate interest in peaceful retribution, and can be a useful step toward rehabilitation.

*United States v. Ciambrone*, 602 F.Supp. 563, 568 (S.D.N.Y.1984); *see also United States v. Bruchey*, 810 F.2d 456, 458–61 (4th Cir.1987) (similarly concluding that criminal restitution is fundamentally penal in nature); *Brown*, 744 F.2d at 908–11 (same).

▮ Restitution, as a criminal punishment, is subject to the general rule that plea agreements do not provide authority for a sentencing court to impose punishment in excess of the maximum provided by statute. *Launius v. United States*, 575 F.2d 770, 772 (9th Cir.1978); *see also United States v. Rice*, 954 F.2d 40, 43 (2d Cir. 1992) ("a plea agreement obviously could not authorize a judge to impose whatever punishment the government and the defendant agreed to"); *United States v. Bennett*, 943 F.2d 738, 739 (7th Cir.1991) ("The district court could not exceed the sentencing authority of the VWPA simply because the government and defendant entered into a non-binding plea agreement to that effect."); *United States v. Baugh*, 787 F.2d 1131, 1133 (7th Cir.1986) ("A prosecutor has absolutely no authority to negotiate for or secure a sentence that exceeds the statu-

tory maximum for the offense of which the defendant will be convicted."). Even if we were to read the plea agreement as a specific agreement by Snider to make restitution in the amount ordered, such an agreement, standing alone, could not confer upon the district court the power to require restitution.

### IV

In light of the foregoing, we vacate the district court's restitution order and remand for resentencing. The new sentence shall not include an order of restitution.

**VACATED and REMANDED.**