UNITED STATES of America,
Plaintiff–Appellant,

v.

Brian Douglas HAMMER,
Defendant–Appellee.

No. 90–10386.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Deferred
May 14, 1991.

Resubmitted Jan. 22, 1992.

Decided June 23, 1992.

Eric R. Havian, Asst. U.S. Atty., Appellate Section, San Francisco, Cal., for plaintiff-appellant.

Brian D. Hammer, Pleasanton, Cal., for defendant-appellee.

Thomas W. Brunner, Wiley, Rein & Fielding, Washington, D.C., for amici curiae.

Before: CHOY, GOODWIN and CANBY, Circuit Judges.

PER CURIAM:

The government in this appeal argues that the district court erroneously reduced Brian Hammer's restitution from $265,000 to $20,000 on the theory that restitution under the Federal Probation Act must be limited to the loss caused by the particular conduct for which the defendant was convicted, rather than the total loss caused by the underlying scheme to defraud. We agree and reverse.

## I. PROCEDURAL BACKGROUND

In 1986 Hammer was indicted on 18 counts of mail fraud, in violation of 18 U.S.C. § 1341. The indictment alleged a wide-ranging scheme of fraudulent real estate deals conducted during 1981 and 1982 in which the investors lost some $337,800. Hammer subsequently pled guilty to two of the mail fraud counts and received a five-year custodial sentence and five years of probation. As a special condition of probation, Hammer was ordered to pay $265,000 in restitution to the victims of his fraudulent scheme.

Upon his release Hammer moved to modify the terms of his probation, arguing that the amount of restitution should be limited to the losses caused by the mailings for which he was convicted. Hammer purported to file his motion under 18 U.S.C. § 3563(c), which allows the district court to modify the conditions of probation at any time. The government contends that because Hammer argued that the district court lacked the authority to impose $265,-000 in restitution, the motion properly should have been brought under 28 U.S.C. § 2255 as a collateral attack on the legality of the sentence.

On July 23, 1990, the district court granted Hammer's motion and reduced his restitution to $20,000. The government timely

appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II. DISCUSSION

In reducing Hammer's restitution, the district court relied on *Hughey v. United States,* 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990), in which the Supreme Court held that under the Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C. §§ 3663 & 3664, restitution may be ordered only for losses caused by the specific conduct that is the basis of the offense of conviction. *See id.* at 420, 110 S.Ct. at 1984. In *United States v. Sharp,* 941 F.2d 811 (9th Cir.1991), we subsequently read *Hughey* to bar restitution under the VWPA for the loss suffered by all victims of a wire fraud scheme where the defendant had pleaded guilty to only one count of the scheme. *Id.* at 814–15.

Although *Hughey* was premised on the limited authority of district courts to order restitution under the VWPA, the district court in this case read it as a limitation on the court's power to order restitution under the Federal Probation Act ("FPA"), 18 U.S.C. § 3651, *repealed by* Pub.L. No. 98–473, tit. II, § 212(a)(2), 98 Stat.1987, 2031 (1984).[1] After this appeal was briefed and argued, we held in *United States v. Duvall,* 926 F.2d 875 (9th Cir.1991) that *Hughey* had no application to orders of restitution made under the FPA. *Id.* at 876. We called for supplemental briefs and vacated submission.

We now conclude that the district court erred in deciding that *Hughey* required it to reduce the amount of Hammer's restitution order.[2] Under our FPA precedents, which are unaffected by *Hughey* and *Sharp,* the district court had authority to order as a special condition of probation that Hammer make restitution to all the victims of his fraud scheme and not just those who happened to receive the mailings that were the subject of his guilty plea. *See United States v. Van Cauwenberghe,* 827 F.2d 424, 434–35 (9th Cir.1987), *cert. denied,* 484 U.S. 1042, 108 S.Ct. 773, 98 L.Ed.2d 859 (1988); *Phillips v. United States,* 679 F.2d 192, 196 (9th Cir.1982).

Accordingly, we reverse the order reducing the amount of restitution and remand the cause to the district court for reconsideration in light of *Duvall.*

REVERSED AND REMANDED.

---

1. The VWPA is applicable to crimes committed after January 1, 1983. *See* 18 U.S.C. § 3663 Note. The parties agree that because the crimes of conviction here were completed before that date, only the FPA applies.

2. Because we hold that *Hughey* and *Sharp* are inapplicable to FPA restitution orders, we do not reach the government's argument that those decisions articulated a new rule that may not be applied retroactively on collateral review under the doctrine of *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).