993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alan R. KERANEN, Defendant-Appellant.
 No. 92-50537.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alan R. Keranen appeals the district court's denial of his motion to correct an illegal sentence pursuant to the pre-November 1987 version of Fed.R.Crim.P. 35(a). Keranen was convicted after guilty pleas to making a false statement in a loan application in violation of 18 U.S.C. § 1014, and mail fraud in violation of 18 U.S.C. § 1341. Keranen contends that the district court erred by denying his Rule 35 motion because the restitution order exceeded the amount permitted by law. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 "We review the legality of a criminal sentence, de novo. If the sentence complies with statutory requirements and limits, then we review it for an abuse of discretion." United States v. Snider, 957 F.2d 703, 705 (9th Cir.1992) (per curiam).
 
 
 4
 On July 26, 1990, pursuant to a written plea agreement, Keranen pled guilty to a four-count information charging him with two counts of making a false statement in a loan application and two counts of mail fraud in connection with a failed real estate investment firm. The information alleged that investors lost approximately twelve million dollars.[1] In exchange, the government agreed not to prosecute Keranen on any other charges arising from the failed real estate venture and to recommend probation for one count of mail fraud. On December 6, 1990, the district court sentenced Keranen to six years in custody followed by a five-year probation term. The court further ordered Keranen to pay 3.5 million dollars in restitution to investors.[2]
 
 
 5
 Relying primarily on Hughey v. United States, 495 U.S. 411 (1990), Keranen contends that restitution order is unlawful because it requires him to pay an amount in excess of the losses caused by the counts for which he was convicted.[3] We have recently considered a similar argument and squarely rejected it. See United States v. Soderling, 970 F.2d 529, 533 (9th Cir.1992) (per curiam) (Federal Probation Act (FPA) and Victim Witness and Protection Act both allow restitution beyond the offense of conviction where the defendant agrees to such in a plea agreement), petition for cert. filed, --- U.S.L.W. ---- (U.S. Jan. 18, 1993) (No. 92-7551); see also United States v. Hammer, 967 F.2d 339, 340 (9th Cir.1992) (per curiam) (rejecting FPA argument).
 
 
 6
 To the extent that Keranen requests us to reconsider our decision in Soderling, we note that a panel not sitting en banc lacks the authority to overrule Ninth Circuit precedent.[4] See United States v. Lucas, 963 F.2d 243, 247 (9th Cir.1992). The district court therefore properly denied Keranen's Rule 35 motion.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The plea agreement provided in relevant part:
 [I]n the event that the court orders restitution as part of the sentence imposed, that such restitution will not be limited to the investors named in the specific counts of conviction, but may include loss of principal by other ... investors in a total amount not to exceed $3.5 million.
 
 
 [2]
 It is unclear whether the district court ordered restitution under the Victim and Witness Protection Act of 1982 (VWPA), 18 U.S.C. §§ 3663-64, or under the Federal Probation Act (FPA), 18 U.S.C. § 3651, repealed by Pub.L. No. 98-473, tit. II, 98 Stat.1987, 2031 (1984). Because the Keranen's offenses occurred between 1984 and 1987, restitution could have been ordered under either statute. See United States v. Soderling, 970 F.2d 529, 532 (9th Cir.1992) (per curiam), petition for cert. filed, --- U.S.L.W. ---- (U.S. Jan. 18, 1993) (No. 92-7551). We need not make this determination here because the result would be the same under either statute
 
 
 [3]
 We note that Keranen's reliance on our opinion in United States v. Snider, 945 F.2d 1108 (9th Cir.1991) is misplaced. The opinion was withdrawn and superceded. See Snider, 957 F.2d at 705. Accordingly, the withdrawn opinion is now invalid precedent. See, e.g., United States v. Ruiz, 935 F.2d 1033, 1037 (9th Cir.1991)
 
 
 [4]
 Keranen also contends that Soderling is inapplicable, here, because he pled guilty five months prior to the effective date of 1990 VWPA amendments, allowing the district court to order restitution beyond the counts of conviction where the parties agreed to such in a plea agreement. This contention lacks merit. We have already determined that the 1990 amendments merely clarified the meaning of the VWPA; they neither added to nor altered the substantive meaning of the VWPA. See Soderling, 970 F.2d at 533 n. 8