43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard de GALLEGOS, Defendant-Appellant.
 No. 93-50478.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 7, 1994.
Decided Dec. 15, 1994.
 
 Before: SCHROEDER, FLETCHER and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Richard de Gallegos appeals the district court's denial of his Rule 35 motion to modify his sentence. Because the original sentence was proper and the denial of modification was not an abuse of discretion, we affirm.
 
 DISCUSSION
 
 3
 The district court ordered de Gallegos to pay restitution to the ten victims named in the indictment, even though he pleaded guilty to counts that referenced only one of those victims. De Gallegos correctly notes that Hughey v. United States, 495 U.S. 411 (1989), precludes such a restitution order under the Victim and Witness Protection Act, 18 U.S.C. Sec. 3663.[1] Such a restitution order was appropriate under the then in force Federal Probation Act, 18 U.S.C. Sec. 3651 (applicable to offenses committed prior to November 1, 1987). The district court sentenced de Gallegos to a term of probation under the Federal Probation Act and was therefore entitled to order restitution under that Act. United States v. Duvall, 926 F.2d 875, 877 (9th Cir.1991). The restitution order is affirmed.
 
 
 4
 De Gallegos cannot complain about the administrative agency chosen to execute the restitution order, because it was chosen at his counsel's request. If there was any error, it was invited. United States v. Reyes-Alvarado, 963 F.2d 1184, 1187 (9th Cir.) cert. denied sub nom. Gonzalez-Ramirez, 113 S.Ct. 258 (1992).
 
 
 5
 De Gallegos argues the district court abused its discretion by not reducing his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. De Gallegos's trial counsel estimated restitution at over $100,000, and the presentence report put it at $400,000. At the time of the Rule 35 hearing, de Gallegos had made restitution of only $2,600. In colorful language, the district court found this amount pitifully inadequate. Denial of a Rule 35 motion under such circumstances was not an abuse of discretion.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Congress has since amended the Victim and Witness Protection Act to allow restitution orders enforcing plea agreements. See United States v. Snider, 945 F.2d 1108, 1112 (9th Cir.1991)