127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest Bernard MOORE, Defendant-Appellant.
 No. 97-10007.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CR-86-00841-DLJ; D. Lowell Jensen, District Judge, Presiding.
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ernest Bernard Moore appeals pro se the district court's denial of his Fed.R.Crim.P. 35(a) motion to correct his preguidelines sentence. Moore pleaded guilty to two counts of fraudulent use of a credit card in violation of 18 U.S.C. § 1029(a)(2). Moore contends that the restitution imposed by the court exceeds the amount of actual loss under the two counts of conviction.
 
 
 3
 "We review the legality of a criminal sentence de novo. If the sentence complies with statutory requirements and limits, then we review it for an abuse of discretion." United States v. Snider, 957 F.2d 703, 705 (9th Cir.1992) (per curiam).
 
 
 4
 The district court ordered Moore to pay restitution to two victims named in the indictment, even though he pleaded guilty to counts that referenced only one of those victims. Moore correctly notes that Hughey v. United States, 495 U.S. 411 (1990), precludes such a restitution order under the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. §§ 3663, 3664. However, the restitution order was appropriate under the former Federal Probation Act ("FPA"), 18 U.S.C. § 3651 (applicable to offenses committed prior to November 1, 1987). See United States v. Hammer, 967 F.2d 339, 340 (9th Cir.1992) (per curiam); United States v. Duvall, 926 F.2d 875, 876 (9th Cir.1991).[1]
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The record in this case indicates that Moore was ordered to pay restitution pursuant to the FPA and not the VWPA because the district: judge stated that restitution was imposed as a special condition of probation and orders of restitution made as a special condition of probation may only be made under 18 U.S.C. § 3651. See United States v. Duvall, 926 F.2d 875, 876 (9th Cir.1991)