IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 2189-01
 





HAROLD WAYNE BAILEY, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY






 Cochran, J., filed a concurring opinion.


O P I N I O N 


 

 I join the majority opinion. I write separately only to emphasize that restitution is an
adjunct to punishment for a criminal offense and must be imposed, if at all, at the time of
sentencing.

 An order of restitution is akin to the assessment of court costs which compensates
the government for the use of judicial resources. The purpose of restitution is not to
punish the offender; fines and imprisonment do that. The purpose of restitution is to
compensate the victim for his losses.

 The principle of restitution is an integral part of virtually every formal
system of criminal justice, of every culture and every time. It holds that,
whatever else the sanctioning power of society does to punish its
wrongdoers, it should also insure that the wrongdoer is required to the degree
possible to restore the victim to his or her prior state of well-being. (1)


 Just as a criminal defendant must be informed of his punishment at the sentencing
stage, so must he also be informed of the court costs and any restitution ordered. These are
all aspects of, or adjuncts to, the sentence imposed. (2) That sentence must be orally imposed
in open court in the presence of the defendant. (3) As we recently reiterated, "it is the
pronouncement of sentence that is the appealable event, and the written sentence or order
simply memorializes it and should comport therewith." (4)

 The written judgment in a criminal case should contain a description of all of these
items-the fine, any imprisonment, the court costs, any restitution, and any other special
sentencing findings-so that the defendant, the State, the courts, victims, and any other
interested person may always refer to the written memorialization of the oral sentence and
know its contents. (5) Article 42.01, § 1(25) explicitly states that, "in the event that the court
orders restitution to be paid to the victim," the judgment should contain "a statement of the
amount of restitution ordered and ... the name of the victim and the permanent mailing
address of the victim at the time of the judgment...." (6)

 Article 42.037 expressly deals with restitution and its imposition. It begins with the
statement that:

 In addition to any fine authorized by law, the court that sentences a defendant
convicted of an offense may order the defendant to make restitution to any
victim of the offense. If the court does not order restitution or orders partial
restitution under this subsection, the court shall state on the record the
reasons for not making the order or for the limited order.


If restitution is imposed in addition to a fine, and if the court must explain on the record
why it declines to impose restitution to any victim of the offense, the plain meaning of the
statute is that restitution is imposed at the same time as a fine, on the record, in the
presence of the defendant and at the time of sentencing. Were there any doubt or
ambiguity, section (e) of the same statute reads: "[t]he court shall impose an order of
restitution that is as fair as possible to the victim. The imposition of the order may not
unduly complicate or prolong the sentencing process." The plain meaning of this sentence
is that imposition of a restitution order is part of the sentencing process. As surely as night
follows day, then, "the sentencing process" is not complete until the order of restitution, if
any, is made. 

 Article 42.037, § (g) explains when a defendant is required to pay the restitution that
a court has ordered. If the court makes no specific payment provisions, the defendant must
pay all restitution "immediately," (7) i.e., at the time of sentencing and at the same time that he
pays any fine and court costs. However, as a practical matter, many, if not most, criminal
defendants do not have the financial assets to pay restitution as a lump sum. Thus, article
42.037, § (g)(1) states that "[t]he court may require a defendant to make restitution under
this article within a specified period or in specified installments" which may not be later
than: the end of any probationary period; more than five years after the term of
imprisonment has expired; or five years after the date of sentencing. (8) This same article
then states that if the defendant is placed on community supervision, the court shall order
that the payment of any restitution order shall be a condition of community supervision.

 So-there are two separate events here. One is the order of restitution-an order that
is pronounced orally in open court as a part of the sentencing process. The other is when
that oral pronouncement is reduced to a written judgment. Unless otherwise provided for,
it must be paid immediately in one lump sum. However, if the defendant is placed on
community supervision, the trial court shall add the payment of the restitution order to the
written terms and conditions of community supervision. (9) The trial court may, in those
written terms and conditions, order restitution be paid, as a lump sum, within a specific
time frame or it may order specific installment payments. The written conditions of
community supervision specify how the restitution shall be made, and the trial judge may,
"at any time, during the period of community supervision alter or modify" the terms and
conditions by which the restitution shall be paid. (10) 

 The trial court may not, however, alter or modify the terms and conditions of
probation to add a restitution order which was never made orally in open court and in the
defendant's presence at the sentencing hearing. (11) The amount of the fine, court costs, and
restitution (12) are set at the sentencing hearing, while the terms under which these items are
paid are listed in the community supervision conditions. Those payment conditions may be
altered or modified at any time. A defendant may not file a direct appeal to challenge these
amendments to community supervision conditions, although he may challenge their
constitutionality in a writ of habeas corpus. 

 With these comments, I join the Court's opinion.

Cochran, J.

Filed: March 24, 2004.

Publish 
1. United States v. Webb, 30 F.3d 687, 689 (6th Cir. 1994) (quoting S. Rep. No. 532, 97th
Cong., 2d Sess. 30, reprinted in 1982 U.S.C.C.A.N. 2515, 2536).
2. See, e.g., United States v. Chaney, 964 F.2d 437, 451 (5th Cir. 1992) ("Restitution under
the VWPA [Victim and Witness Protection Act] is a criminal penalty and a component of the
defendant's sentence"); United States v. Snider, 957 F.2d 703, 705 (9th Cir. 1992) ("[b]ecause
restitution under the VWPA is a criminal penalty, its imposition must comport with the substantive and
procedural requirements of due process"). 
3. Tex. Code Crim. Proc. art. 42.03, § 1(a) ("[e]xcept as provided in Article 42.14, sentence
shall be pronounced in the defendant's presence"); see Ex parte Madding, 70 S.W.3d 131, 135 (Tex.
Crim. App. 2002).
4. Ex parte Madding, 70 S.W.3d at 135 (quoting Coffey v. State, 979 S.W.2d 326, 328 n.8
(Tex. Crim. App. 1998)). 
5. Tex. Code Crim. Proc. art. 42.01 § 1 ("[t]he sentence served shall be based on the
information contained in the judgment").
6. Id. at art. 42.01, § 1(25).
7. Id. at art. 42.037, § (g)(3).
8. Id. at art. 42.037, § (g)(2).
9. Id. at art. 42.037, § (g)(1).
10. Id. at art. 42.12, § 11(a).
11. See Ex parte Madding, 70 S.W.3d at 136 ("[a] defendant has a due process 'legitimate
expectation' that the sentence he heard orally pronounced in the courtroom is the same sentence that he
will be required to serve").
12. Sometimes a restitution order cannot include a specific dollar amount. It may instead contain
a description of the victim's loss whose precise monetary value cannot be determined, or the expense
has not occurred, by the date of the sentencing. For example, under article 37.037(b)(1), the court
may order a defendant charged with a property offense to pay an amount equal to or greater than "the
value of the property on the date of sentencing less the value of any part that is returned on the date
the property is returned." (emphasis added). Similarly, the trial court may order a defendant charged
with inflicting bodily injury to pay "an amount equal to the cost of necessary medical and related
professional services and devices relating to physical, psychiatric, and psychological care," for the
victim, even though not all of those services may have been provided by the date of sentencing.