UNITED STATES of America,
Plaintiff-Appellee,

v.

Ronald Charles JOHNSON,
Defendant-Appellant.

Nos. 86–1378, 86–1379, 86–1380, 86–1381.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 11, 1987.

Decided Sept. 2, 1987.

J. Douglas McVay, Phoenix, Ariz., for defendant-appellant.

Susan A. Ehrlich, Phoenix, Ariz., for plaintiff-appellee.

Before NORRIS and NOONAN, Circuit Judges, and STEPHENS,[*] District Judge.

---

* Honorable Albert Lee Stephens, Jr., Senior United States District Judge, Central District of California, sitting by designation.

NOONAN, Circuit Judge:

Ronald C. Johnson appeals a sentence imposed following his plea of guilty to four counts of armed bank robbery in four separate districts and his plea of guilty to the use of a weapon in a crime of violence. The sentences for these crimes were ordered to run consecutively for a total term of 45 years. We affirm.

## PROCEEDINGS

Johnson was indicted in four federal districts for armed robbery, conspiracy to commit bank robbery, use of a weapon during a crime of violence and interstate transportation of a stolen aircraft. All the cases were consolidated in the District of Arizona. Johnson then entered into a plea bargain with the government by which he pleaded guilty to four counts of armed bank robbery and one count of use of a weapon. The government agreed to dismiss some of the charges and to recommend that any sentences imposed for the bank robberies run concurrently. The government did not agree to recommend any particular length of sentence, and the plea agreement signed by Johnson declared, "The defendant understands that the government's recommendation is not binding on the court, and the court may impose any sentence provided by law." The court sentenced Johnson consecutively.

## ANALYSIS

█ Johnson makes two contentions—first, that he signed a plea agreement waiving his right to file a motion to reduce his sentence pursuant to Fed.R.Crim.P. 35(b) and that such a waiver should not have been accepted; second, that the district judge did not follow the government's sentencing recommendation to have the sentences run concurrently on the bank robbery charges. The district judge, he contends, "may have ignored (as opposed to having considered and rejected) the government's sentencing recommendation."

Johnson's contention as to the waiver of right under Fed.R.Crim.P. 35(b) is supported by an unsigned copy of the plea. The government replies that the actual agreement executed by counsel deleted this provision. This executed form covers all four cases and is the only operative agreement. Consequently Johnson's contention as to the waiver lacks any factual basis. Johnson has not waived his right.

█ Johnson's contention that the sentencing judge did not consider the government's recommendation is mere speculation. The recommendation is part of the plea agreement approved and signed by the judge and must have been read by the judge. Normally, to read is to consider. We see no reason to assume otherwise here. Johnson's argument fails.

█ Johnson presses that in fairness to a plea-bargaining defendant there should be a rule requiring the judge to indicate that he has considered the government's recommendation or, alternatively, that a judge who already has his mind made up should be required to tell the defendant that the government's recommendation will be irrelevant to his decision. We believe that a defendant's rights are adequately preserved by his being told by counsel, court, or the plea bargain itself that the government's recommendation is not binding on the court and that elaboration on this point by the court itself is not essential for the defendant knowingly to agree to the plea. Johnson had the benefit of his bargain. The government made the non-binding recommendation as to sentence; more importantly, the government dropped four charges it might lawfully have tried to prove. We decline to create the rule Johnson seeks.

AFFIRMED.