**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert Michael GARCIA,
Defendant–Appellant.**

No. 89–50297.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 1990*.

Decided Oct. 16, 1990.

Carol A. Klauschie, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Brenda K. Sannes, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before FLETCHER, BOOCHEVER and WIGGINS, Circuit Judges.

Robert Michael Garcia, defendant in the proceedings below, appeals the district court's order compelling him to pay restitution for a crime for which he was charged but not convicted. He was indicted on two counts of bank robbery. One count was dismissed. He pled to and was convicted of robbing the First Interstate Bank of $1207.00, all of which was recovered by police. Restitution of $1902 was ordered for funds taken from the robbery of another bank, the dismissed count. The Federal Sentencing Guidelines provide that restitution for a conviction under Title 18 of the United States Code shall be ordered in accordance with 18 U.S.C. § 3663(d) of the Victim Witness Protection Act ("VWPA"). Guideline § 5E1.1(a).

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

On August 30, 1990, the parties stipulated that the district court's order of restitution be summarily reversed and vacated pursuant to the decision of the Supreme Court in *Hughey v. United States*, —— U.S. ——, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990). The opinion in *Hughey* was filed by the Supreme Court after the briefing of this appeal.

In *Hughey*, the Court addressed whether the VWPA "allow[s] a court to order a defendant who is charged with multiple offenses but who is convicted of only one offense to make restitution for losses related to the other alleged offenses." *Id.* at 1981. The Court held that the VWPA limited an order of restitution to "the loss caused by the specific conduct that is the basis of the offense of conviction." *Id.* *Hughey*, accordingly, requires reversal of the district court's order of restitution.

The district court's order of restitution is VACATED.