974 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maurelia Reynaga DE-JUAREZ, Defendant-Appellant.
 No. 91-50808.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 2, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maurelia Reynaga De-Juarez (Reynaga) appeals from her sentence, imposed following entry of a guilty plea, for conspiracy to transport and harbor illegal aliens in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1324(a)(1)(B) and (C). Reynaga contends that the district court erred in its calculation of her sentence under the United States Sentencing Guidelines by (1) enhancing her offense level based on her role in the offense, (2) refusing to grant a reduction in the offense level for acceptance of responsibility, and (3) adopting the recommendations of the probation officer rather than those of the government as contemplated by the plea agreement. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]
 
 I. Role in the Offense
 
 3
 We review for clear error the district court's determination of a defendant's role in the offense. United States v. Smith, 924 F.2d 889, 895 (9th Cir.1991).
 
 
 4
 The Guidelines direct the district court to enhance the base offense level by three levels "[i]f the defendant was a manager or supervisor ... and the criminal activity involved five or more participants...." U.S.S.G. § 3B1.1(b). The section does not require a defendant to personally supervise each of the five or more participants to qualify for the adjustment, and the commentary recognizes that more than one participant can qualify for a leadership enhancement. See Smith, 924 F.2d at 896 (reaching similar conclusion about adjustment for "leader or organizer" adjustment under U.S.S.G. § 3B1.1(a)). The district court is entitled to give little weight to a defendant's self-serving statements. United States v. Martinez-Gonzalez, 962 F.2d 874, 878 (9th Cir.1992).
 
 
 5
 Here, Reynaga participated in a smuggling ring, and it is uncontested that the ring involved more than five persons. She disputed the account of her role given by the undercover officers who negotiated with her regarding transport of aliens, claiming instead that her husband was in charge of the ring while she was only tangentially involved.[2] Nevertheless, Reynaga had two prior convictions for illegal transportation of aliens. The district court was entitled to believe the agents' account over her own description of her role, see Martinez-Gonzalez, 962 F.2d at 878, and to find that a preponderance of evidence supported the government's contention that she played a leadership role, see Smith, 924 F.2d at 895. There was no clear error.
 
 II. Acceptance of Responsibility
 
 6
 Reynaga contends that the district court erred by adopting the probation officer's recommendation against a downward adjustment for acceptance of responsibility because the probation officer had attempted to get her to admit responsibility for conduct other than that underlying the offense. This contention lacks merit.
 
 
 7
 We review for clear error the district court's finding that a defendant has not accepted responsibility for his offense. United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991).
 
 
 8
 The Guidelines instruct the district court to reduce a defendant's offense level by two levels if it finds that the defendant has affirmatively accepted responsibility for his offense. U.S.S.G. § 3E1.1; Ramos, 923 F.2d at 1360. "In this circuit, a criminal defendant is entitled to a reduction for acceptance of responsibility under the guidelines even if he does not admit culpability for crimes to which he does not plead guilty." Ramos, 923 F.2d at 1360; United States v. Piper, 918 F.2d 839, 840-41 (9th Cir.1990) (per curiam). Nonetheless, a defendant must affirmatively display "sincere contrition" for the offense of conviction, Ramos, 923 F.2d at 1360, and the district court may deny the adjustment to a defendant who minimizes the extent of her involvement, United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990).
 
 
 9
 Here, Reynaga admitted that she received telephone calls for her husband and paid the undercover agents $100 for transporting her son and his brother-in-law, but denied any other involvement in the conspiracy, stating only that she was aware that her husband was involved in alien smuggling. This assertion was contradicted by the evidence discussed above showing her leadership role in the conspiracy. The district court did not clearly err by finding that Reynaga had not accepted full responsibility for her role in the offense of conviction. See Corley, 909 F.2d at 362.
 
 III. Plea Agreement
 
 10
 Reynaga claims that she entered into an oral plea agreement with the government. The record, however, reflects that the parties entered into a written plea agreement with terms different from those allegedly contained in the oral agreement. As there is no evidence of a separate oral agreement apart from Reynaga's claim on appeal, we conclude that the agreement reached by the parties is that contained in the written document filed with the district court.[3]
 
 
 11
 Pursuant to the written agreement, Reynaga agreed to plead guilty to a single count. In return, the government agreed to dismiss the remaining counts, to recommend a downward adjustment for acceptance of responsibility, to recommend no more than a two-level increase for Reynaga's role in the offense, and to recommend a sentence at or below the mid-level point of the applicable Guidelines range. Reynaga contends that the government's recommendations were "totally disregarded" by the probation officer, and that the district court's adoption of the probation officer's recommendations amounted to a violation of the plea bargain. This contention lacks merit.
 
 
 12
 The parties may enter into a plea agreement under which the government will make a sentencing recommendation with the understanding that the recommendation is not binding on the district court. Fed.R.Crim.P. 11(e)(1)(B); see United States v. Sharp, 941 F.2d 811, 816 (9th Cir.1991). "The district court does not breach [such an] agreement by ordering a sentence in excess of the government's recommendation." Id.
 
 
 13
 Here, the plea agreement itself expressly states that the sentencing recommendations would not be binding on the district court.[4] At the change of plea hearing, the district court specifically informed Reynaga that "the matter of sentence is to be determined solely by the Court, and I am at liberty to impose any sentence that I feel is fair and reasonable, up to the statutory maximum previously cited" (RT 7/29/91 at 7).
 
 
 14
 Reynaga now contends that she "reasonably understood" that the government's recommendations would affect the presentence report. She argues that she would not have pled guilty had she realized the possibility that the government's recommendations might be rejected. Nonetheless, this contention is negated by the agreement's and the district court's clear and express warning that the recommendations were in no way binding on the final sentence. The district court did not breach the agreement. See Sharp, 941 F.2d at 816.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As a preliminary matter, we note that Reynaga entered into a plea agreement, pursuant to which she agreed to waive her right to appeal if the district court sentenced her at or below the mid-range point of the applicable Guidelines range. We conclude that she in fact received a sentence at the low end of the applicable range. Nevertheless, because her appeal rests in part on the contention that the applicable range was calculated in violation of the plea agreement, we will address the merits of her claims
 
 
 [2]
 As described in the presentence report, the agents stated that Reynaga told them she smuggled aliens and needed drivers to transport them, and she was involved in the smuggling of "a significant number" of aliens during the undercover operation. Other persons involved in the activity told the agents that Reynaga had been personally involved in bribing Mexican immigration officers and had often travelled to Mexico to bring aliens north. The investigators viewed Reynaga and her husband as the most culpable actors in the conspiracy, because they coordinated various individuals' activities, directed payments of money, and had been involved for a significant period of time
 Reynaga admitted that she had referred the undercover agents to her husband and had paid them $100 for transporting her son and his brother-in-law, and that she was aware that her husband was involved in alien smuggling. She denied any further involvement in the conspiracy.
 
 
 [3]
 In addition, we note with disfavor the failure of counsel for appellant to mention the existence of the written agreement in the opening brief. The written agreement was signed by the Assistant United States Attorney, appellant, and her counsel, and states that it constitutes the complete plea agreement between the parties
 
 
 [4]
 The plea agreement provides in relevant part:
 
 
 [2]
 The defendant ... understands that the maximum penalty for the offense charged in Count I is a term of imprisonment of not more than five years
 
 
 [3]
 [D]efendant agrees that this Court has jurisdiction and authority to impose any sentence within the statutory maximum set for her offense(s)
 
 
 [4]
 The defendant ... is also aware that her sentence has not yet been determined by the Court. Defendant is aware that any estimate of the probable sentencing range that she may have received ... is a prediction, not a promise, and is not binding on the Government, the probation officer or the Court
 ....
 
 
 [7]
 The parties understand that the sentence to be imposed on the defendant ... is within the sole discretion of the sentencing judge subject to statutory maximums
 (CR 116 at 2-3, 5).