983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hilario ALONSO-QUEVEDO, Defendant-Appellant.
 No. 92-50177.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 11, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hilario Alonso-Quevedo appeals his sentence imposed following entry of a guilty plea to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The government contends that Alonso-Quevedo waived his right to appeal pursuant to an oral plea agreement. Alonso-Quevedo does not address the issue of his waiver of the right to appeal nor does he allege a breach of the plea agreement. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo whether a defendant waived his statutory right to appeal. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991).
 
 
 4
 An oral plea agreement is enforceable where the terms of the agreement are restated in a hearing and neither party disputes the description of the plea agreement at that time. United States v. Sharp, 941 F.2d 811, 816 (9th Cir.1991). An express waiver of the statutory right to appeal in a negotiated plea agreement is valid if made knowingly and voluntarily. Bolinger, 940 F.2d at 480 (citing United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992)). So long as the sentence imposed was in accordance with the plea agreement, no exception exists to the waiver. Id.
 
 
 5
 The district court advised Alonso-Quevedo of his right to appeal any sentence imposed unless he waived the right in open court. Alonso-Quevedo's counsel confirmed to the court that Alonso-Quevedo had waived his right to appeal pursuant to an oral plea agreement. The government performed its obligations under the plea agreement by recommending an adjustment for acceptance of responsibility and a downward departure for substantial assistance.
 
 
 6
 Because Alonso-Quevedo waived his right to appeal and the sentence imposed was in accordance with the plea agreement, we enforce the waiver of the right to appeal and affirm the district court's judgment. See Sharp, 941 F.2d at 816; Bolinger, 940 F.2d at 480.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3