**UNITED STATES of America,**

v.

**Charles Edward BANE.**

**No. Crim. A. 88–186–01.**

United States District Court,
N.D. West Virginia,
Elkins Division.

March 31, 1993.

---

2. The record actually does not contain any esti-    mate of future medical expenses.

U.S. Atty., Wheeling, WV, for plaintiff.

Charles Edward Bane, pro se.

### ORDER

MAXWELL, Chief Judge.

Defendant in the above-styled criminal action, having been adjudged guilty of mail fraud, in violation of 18 U.S.C. § 1341, was sentenced on March 12, 1990, to the custody of the United States Bureau of Prisons for a period of 48 months, to be followed by a three-year term of supervised release, and restitution of $195,248.00 plus 8.76% interest payable during his term of supervised release.

On August 10, 1992, defendant filed a petition seeking to vacate, set aside or correct the said sentence, pursuant to 28 U.S.C. § 2255. Plaintiff, by Assistant United States Attorney Patrick M. Flatley, filed its response to defendant's petition on September 3, 1992. On October 29, 1992, defendant filed a motion for summary judgment which the Court construes as a reply to plaintiff's said response. On December 2, 1992, plaintiff filed a response to defendant's October 29, 1992 filing. Upon review of the record in the above-styled criminal action, it appears defendant's 28 U.S.C. § 2255 petition is ripe for disposition.

Defendant's petition challenges; 1) the propriety of the imposed restitution, and 2) the alleged failure by this Court to make specific findings as to defendant's ability to pay restitution.

### Imposition of Restitution

Defendant reasonably asserts that restitution should be assessed only for the amount which can be attributed to the count of his indictment (count three), to which he plead guilty and for which he was convicted. Count three charged defendant with mail fraud, in violation of 18 U.S.C. § 1341.[1] Defendant contends that losses to victims caused by the count three mail fraud totals less than $10,000.

Defendant bases his claim on the teachings of the United States Supreme Court decision *Hughey v. U.S.*, 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990). The Supreme Court held in *Hughey* that restitution, under the provisions of the Victim Witness Protection Act of 1982 (VWPA), 18 U.S.C. § 3579 and § 3580 (which authorize federal courts to order restitution when sentencing defendants convicted of certain offenses), can be awarded "only for the loss caused by the specific conduct that is the basis of the offense of conviction." *Hughey,* 495 U.S. at 413, 110 S.Ct. at 1981.

The United States Circuit Courts of Appeal have reached varied conclusions on the application of *Hughey* to cases where restitu-

---

1. Count three incorporates by reference count one of the indictment which charged defendant with a scheme to defraud.

tion is assessed to a predicate offense which involves a criminal scheme. *See e.g., U.S. v. Bennett,* 943 F.2d 738 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 2970, 119 L.Ed.2d 590 (1992) (proof of a scheme to defraud is an element of the offense of mail fraud and actions pursuant to that scheme should be considered conduct that is the basis of the offense of conviction); *U.S. v. Sharp,* 941 F.2d 811 (9th Cir.1991) (even when the offense of conviction involves a scheme, restitution must be limited to the loss attributable to the specific conduct underlying the conviction).

■ The Fourth Circuit noted that where the offense of conviction involves a scheme to defraud, the entire scheme should be considered conduct under *Hughey. U.S. v. Mullins,* 971 F.2d 1138, 1146 n. 7 (4th Cir.1992). After a citation to *Hughey,* the Fourth Circuit stated, in relevant part:

> [Defendant] has contended that the specific conduct that is the basis of his offense of conviction is only the wire fraud[.] That argument is resolved by our conclusion that, based on the plea agreement and the information, we must view the offense of conviction as ... the entire scheme to defraud[.] Therefore, the amount of restitution may be based on the losses suffered ... from the scheme to defraud[.]

*Id.*

In the instant matter, defendant plead guilty to mail fraud, an essential element of which involves a scheme to defraud. *See* 18 U.S.C. § 1341. Restitution imposed for the loss of all victims in this matter is appropriate because the conduct which is the basis of conviction, and to which defendant plead guilty, involves a scheme to defraud. Accordingly, it is

**ORDERED** that Defendant's petition to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, with regard to the imposition of restitution be, and the same is hereby, **DENIED.**

*Defendant's Ability to Pay Restitution*

■ Defendant contends that imposition of restitution is improper due to this Court's alleged failure to make specific findings as to defendant's ability to pay restitution. As plaintiff properly notes, imposition of restitution falls under United States Sentencing Guidelines, § 5E1.1 which refers to 18 U.S.C. § 3664. Explicit findings as to the factors set forth in 18 U.S.C. § 3664(a) must be made on the record. *U.S. v. Bruchey,* 810 F.2d 456, 458 (4th Cir.1987).

Defendant's financial status and ability to pay restitution was completely delineated in the presentence investigation report which was made part of the record, was reviewed at sentencing, and to which defendant raised no objections of his alleged inability to pay restitution. Accordingly, it is

**ORDERED** that Defendant's petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 with regard to defendant's ability to pay restitution be, and the same is hereby, **DENIED.**

If defendant should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days of the entry of the Judgment Order, pursuant to subsection (a)(1) of Rule 4, Federal Rules of Appellate Procedure, and Rule 11, Rules Governing Section 2255 Proceedings in the United States District Courts.