993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alan BROOKS, Defendant-Appellant.
 No. 90-50510.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alan Brooks appeals the district court's order of restitution after a jury trial. Brooks was convicted on five counts of mail and two counts wire fraud in violation of 18 U.S.C. §§ 1341, 1343. Brooks contends that the district court erred by ordering him to pay restitution for offenses beyond the seven counts of conviction. We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand for resentencing.
 
 
 3
 "We review the legality of a criminal sentence, de novo. If the sentence complies with statutory requirements and limits, then we review if for an abuse of discretion." United States v. Snider, 957 F.2d 703, 705 (9th Cir.1992) (per curiam).
 
 
 4
 Here, at a jury trial, Brooks was found guilty of five counts of mail fraud and two counts of wire fraud. Each count alleged that the victim lost $168.00 for a total loss of $1,176.00. At sentencing, the government argued that Brooks should be required to make restitution in the amount of $187,000 based upon approximately eleven hundred victims of the fraud scheme. The district court sentenced Brooks to six months in custody followed by a five-year probation term. The court further ordered Brooks to pay $187,000 in restitution.[1]
 
 
 5
 Relying on Hughey v. United States, 495 U.S. 411 (1990), and United States v. Sharp, 941 F.2d 811 (9th Cir.1991), Brooks contends that the restitution order is unlawful because it requires him to pay an amount in excess of the loss caused by the counts for which he was convicted. We agree.
 
 
 6
 We have held that under either the Victim and Witness Protection Act (VWPA) or the Federal Probation Act (FPA), the amount of restitution must be limited to the loss sustained by the victim as a result of the underlying offense of conviction unless the defendant agrees to a different restitutionary amount pursuant to a plea agreement. See United States v. Soderling, 970 F.2d 529, 533 (9th Cir.1992) (per curiam), petition for cert. filed, --- U.S.L.W. ---- (U.S. Jan. 18, 1993); see also United States v. Angelica, 951 F.2d 1007, 1009 (9th Cir.1991) (VWPA); Karrell v. United States, 181 F.2d 981, 986 (9th Cir.) (FPA), cert. denied, 340 U.S. 891 (1950).
 
 
 7
 No plea agreement existed in the instant case. The district court therefore erred by imposing restitution beyond the offenses of conviction. See Soderling, 970 F.2d at 533. Accordingly, we vacate the entire sentence and remand the case for resentencing. See Sharp, 941 F.2d at 815. The district court is instructed to reduce the restitution to an amount not to exceed $1,176.00.[2]
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is unclear whether the district court ordered restitution under the Victim and Witness Protection Act of 1982, 18 U.S.C. §§ 3663-64, or under the Federal Probation Act, 18 U.S.C. § 3651, repealed by Pub.L. No. 98-473, tit. II, 98 Stat. 1987, 2031 (1984). Because Brook's offenses occurred between 1983 and 1985, restitution could have been ordered under either statute. See United States v. Soderling, 970 F.2d 529, 532 (9th Cir.1992) (per curiam), petition for cert. filed, --- U.S.L.W. ---- (U.S. Jan. 18, 1993) (No. 92-7551). We need not make this determination here because the result would be the same under either statute
 
 
 [2]
 Based upon our holding that the district court imposed a restitutionary amount which exceeded that permitted by law, we need not address Brook's remaining argument that the court failed to consider his ability to pay when ordering restitution. We do note, however, that the district court must consider a defendant's financial resources and earning ability when determining the amount of restitution to be paid. See United States v. Ramilo, No. 92-10079, slip op. 1347, 1354 (9th Cir. Feb. 22, 1993)