12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose NAVARETTE-AVENDANO, Defendant-Appellant.
 No. 92-10720.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1993.*
Decided Nov. 18, 1993.
 
 1
 Before: KOZINSKI and O'SCANNLAIN, Circuit Judges; ZILLY,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Jose Navarette-Avendano pled guilty to one count of conspiracy to possess with the intent to distribute and to distribute 13 kilograms of cocaine in violation of 21 U.S.C. Sec. 846. Appellant entered a plea agreement in which the government dropped three other counts in exchange for his guilty plea. The government also agreed that if it determined that the appellant had provided "substantial assistance," it would consider moving the court for a downward departure of appellant's sentence pursuant to 18 U.S.C. Sec. 3553(e). The government decided that appellant did not render substantial assistance and it declined so to move.
 
 
 4
 Appellant filed a motion for judicial review with the district court, asking it to determine whether he provided substantial assistance. The district court denied appellant's motion and sentenced him to the mandatory minimum of ten years in prison. Appellant timely appealed. We have jurisdiction under 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742, and we affirm.
 
 
 5
 * We review the district court's findings regarding the terms of the plea agreement under the clearly erroneous standard. United States v. Sharp, 941 F.2d 811, 816 (9th Cir.1991); United States v. Andrus, 925 F.2d 498, 501 (9th Cir.1991).
 
 
 6
 Appellant argues that the district court erred in finding that he was not entitled to judicial review of the government's determination that he had not provided substantial assistance. Appellant further argues that he provided substantial assistance to the government and is entitled to a motion for a reduced sentence.
 
 
 7
 We hold that the district court's findings are not clearly erroneous. The district court found that paragraph 6(d) of the plea agreement controls the question of whether the appellant is entitled to review. Paragraphs 6(d)-(g) are the only provisions of the plea agreement discussing "substantial assistance." Paragraph 6(d) sets out the agreement regarding substantial assistance.[1] It is triggered only "[i]f the government determines that the defendant has been fully cooperative [and] truthful." Even if the government does so determine, it is then only obligated to "consider whether or not the defendant provided 'substantial assistance.' " (emphasis added). Most importantly, paragraph 6(d)(3) explicitly states that the government's determination of whether or not the appellant provided substantial assistance "constitutes an exercise of prosecutorial discretion and is not subject to review." The government in this case determined that the appellant had not provided substantial assistance and was not entitled to a motion under section 3553(e). Under the explicit terms of the plea agreement, this determination is not subject to judicial review.
 
 
 8
 Appellant contends that paragraphs 6(h) and (i) should control our inquiry. Paragraphs 6(h) and (i) are to be read in tandem. Paragraph 6(h) delineates the options available to the government if it determines that the appellant lied or failed to cooperate. If the government makes such a finding and attempts to punish the appellant under the provisions of paragraph 6(h), paragraph 6(i) specifically states that "[t]he determination of whether defendant NAVARETTE-AVENDANO has lied or failed to cooperate must be based upon a preponderance of the evidence and is subject to judicial review to determine whether the United States Government acted in good faith in reaching this determination."
 
 
 9
 Appellant's argument is flawed for two reasons. First, paragraph 6(d) is clearly the controlling provision of the plea agreement in this case because appellant is appealing the government's determination that he did not provide "substantial assistance." Paragraph 6(d) specifically addresses the issue of substantial assistance. In contrast, paragraphs 6(h) and (i) do not even mention "substantial assistance."
 
 
 10
 Second, paragraph 6(h) was designed to impose punishment on the appellant should he lie. It states that if the government determines that the appellant has lied or failed to cooperate, then the government has a range of punitive measures it may undertake. These include reinstituting the prosecution with all charges, considering the plea negotiation null and void in order to proceed without any restrictions, and prosecuting the appellant for perjury and obstruction of justice. Although one of the options available to the government under paragraph 6(h) is to allow the guilty plea to stand with no restriction on the government's recommendation as to the sentence, this one option is specifically "upon the sole election of the Government." The government has not made an official determination that the appellant lied and has not invoked paragraph 6(h).[2] Therefore, paragraph 6(i) is not implicated and judicial review is not triggered.
 
 II
 
 11
 18 U.S.C. Sec. 3553(e) requires a government motion before the court may depart from the mandatory minimum sentence. Appellant argues that this requirement is unconstitutional because it violates the separation of powers doctrine and due process rights. However, appellant concedes that this circuit has held that section 3553(e) does not violate these constitutional provisions. United States v. Ayarza, 874 F.2d 647, 653 (9th Cir.1989), cert. denied, 110 S.Ct. 847 (1990); United States v. Keene, 933 F.2d 711, 713 (9th Cir.1991). Appellant asks us to reconsider this issue. Since we are not at liberty to overrule our established precedent, this argument must fail.
 
 III
 
 12
 Appellant argues that he is entitled to relief because the government's refusal to file a substantial assistance motion is "not rationally related to any legitimate Government end." Wade v. United States, 112 S.Ct. 1840, 1844 (1992). Appellant's sole support for this argument is that he was debriefed by DEA agents and provided 80 pages of transcript. But Wade specifically held that presenting evidence of the amount of assistance given to the government is a necessary, but not sufficient, condition for relief. Id. It seems likely that "[t]he Government's decision not to move may have been based ... simply on its rational assessment of the cost and benefit that would flow from moving." Id. Appellant has made no showing that the government's decision was not rational and, therefore, this argument fails.
 
 IV
 
 13
 Finally, the appellant argues that section 3553(e) violates his due process rights as applied to him at sentencing. Appellant argues that due process requires that a defendant be allowed to present potentially mitigating evidence and be sentenced based on accurate information. Appellant's argument fails for two reasons. First, this circuit has held that section 3553(e) does not violate "any constitutional rights to due process." Ayarza, 874 F.2d at 653. Second, the appellant was clearly offered an opportunity to present mitigating evidence at sentencing and merely requested to be incarcerated at San Pedro or Lompoc. Appellant has not been deprived of any due process rights.
 
 V
 
 14
 The district court's finding that the plea agreement precluded judicial review is not clearly erroneous. Appellant's constitutional claims have no merit.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Thomas Zilly, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Paragraph 6(e) provides that both the court and the government may consider the factors outlined in U.S.S.G. Sec. 5K1.1 in evaluating the substantial assistance motion. Paragraphs 6(f) and (g) establish that the court is not bound by the government's substantial assistance motion, but may impose a reduced sentence if there is such a motion
 
 
 [2]
 The government's decision not to move for substantial assistance was based on the government's belief that the defendant had lied and was untruthful during his interview. Notwithstanding this was the basis for its decision, the government was entitled to rely upon section 6(d) of the plea agreement rather than invoke the provisions of 6(h)