21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Franklin SHILT, Defendant-Appellant.
 No. 93-10388.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 11, 1994.*
Decided April 25, 1994.
 
 1
 Before: SKOPIL, NORRIS, and O'SCANNLAIN, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Robert Shilt appeals his sentence entered on a guilty plea pursuant to a plea agreement. Shilt argues that his plea and his waiver of the right to appeal were not knowing and voluntary, his sentence violated the terms of the plea agreement, and he should not have been sentenced as a career offender. We affirm.
 
 1. Knowing and Voluntary Plea
 
 4
 Shilt argues that his guilty plea was not knowing and voluntary because the district court violated Federal Rule of Criminal Procedure 11 by failing to inform him that his sentence might include restitution. When a district court advises a defendant that he could be required to pay a fine greater than the amount of restitution ordered, however, failure to advise on the possibility of restitution is harmless. United States v. Pomazi, 851 F.2d 244, 248 (9th Cir.1988), overruled on other grounds by Hughey v. United States, 495 U.S. 411 (1990); United States v. Rogers, 984 F.2d 314, 318 n. 5 (9th Cir.1993); see also Fed.R.Crim.P. 11(h) advisory committee's note to the 1983 amendment (harmless error where judge understates maximum penalty, but sentence is within amount stated). Shilt was informed that the maximum fine for his crime was $250,000. The payment of $2,196 is thus well within the potential consequences of a guilty plea as explained to him by the district court.
 
 2. Waiver of the Right to Appeal
 
 5
 Shilt's plea agreement included a waiver of the right to appeal. Such a waiver is valid if it is knowingly and voluntarily made. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991). "[A Federal Rule of Civil Procedure] 11 colloquy on the waiver of the right to appeal is not a prerequisite to a finding that the waiver is valid; rather, a finding that the waiver is knowing and voluntary is sufficient." United States v. DeSantiago-Martinez, 980 F.2d 582, 583 (9th Cir.1992).
 
 
 6
 The waiver in this case is plainly written in easily understood language. The plea agreement reads:
 
 
 7
 The defendant has had explained to him by his counsel, and acknowledges his understanding of the following: ... by pleading guilty, the defendant is waiving all rights to appeal except the right to appeal a violation of a plea agreement.
 
 
 8
 Shilt's waiver of his right to appeal was knowing and voluntary, and is therefore valid.
 
 3. Violation of the Plea Agreement
 
 9
 Shilt argues that the imposition of restitution violated the terms of the plea agreement. This claim is not precluded by a waiver of the right to appeal. United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992). Furthermore, such a breach would release Shilt from the waiver. See United States v. Gonzalez, 16 F.3d 985, 990 (9th Cir.1994).
 
 
 10
 "To determine whether a plea agreement was breached, we first determine what the parties to this plea bargain reasonably understood to be the terms of the agreement. What the parties agreed to is a question of fact determined by objective standards." United States v. Sharp, 941 F.2d 811, 816 (9th Cir.1991) (internal quotations omitted). The plea agreement reads:
 
 
 11
 In exchange for defendant's plea of guilty to the Indictment, the United States agrees to make a binding sentence recommendation of 108 to 168 months incarceration. There is no agreement as to a supervised release, restitution and/or a fine.
 
 
 12
 It is thus clear that the guilty plea was entered in exchange for the recommendation of the term of incarceration alone, and not for any limitation on restitution. Shilt argues that the prosecutor's statement that restitution was not a part of the plea agreement indicates that the agreement foreclosed restitution as part of the sentence. In light of the written plea agreement, however, it is clear that no agreement regarding restitution had been made. The imposition of restitution thus did not violate the plea agreement.
 
 4. Sentence as Career Offender
 
 13
 Shilt validly waived his right to appeal, and has not been released from the waiver by a breach of the plea agreement. Accordingly, we do not consider his claim that he was improperly sentenced as a career offender. See Bolinger, 940 F.2d at 480.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3