81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry James RICH, Defendant-Appellant.
 No. 95-30114.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1996.
Decided April 3, 1996.
 
 Before: REINHARDT, KOZINSKI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This case presents the question whether a judge may order restitution under 18 U.S.C. §§ 3663-64 for a scheme, conspiracy or pattern of activity that is not an element of the crime for which the defendant was convicted. We hold that he may not and accordingly reverse the restitution order insofar as it includes conduct that is not part of the crime of conviction. We affirm the remainder of the judge's restitution order.
 
 
 3
 The defendant, Larry Rich, pleaded guilty to one count of armed bank robbery under 18 U.S.C. § 2113(a) for robbing the West One Bank in Portland on August 29, 1994. He also stipulated, as part of his plea agreement, that he had robbed the Key Bank in Eugene on September 21, 1994 and agreed that the second robbery should be considered as relevant conduct under the sentencing guidelines. The district court ordered Rich to make restitution of $6,250--$3,950 related to the robbery of the West One Bank and $2,300 related to the robbery of the Key Bank. On appeal, Rich claims that the district judge exceeded his authority in ordering restitution for the robbery of the Key Bank and also that the judge erred in concluding that he was able to pay restitution. The first argument has merit, the second does not.
 
 
 4
 Both parties agree that the court's authority to order restitution arises from the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. §§ 3663-64, formerly 18 U.S.C. §§ 3579-80. The VWPA allows the district court, when sentencing a defendant convicted of an offense under Title 18 of the United States Code, to order that the defendant "make restitution to any victim of such offense." 18 U.S.C. § 3663(a)(1).
 
 
 5
 Rich challenges the restitution order on the grounds that it violates the rule set forth by the Supreme Court in Hughey v. United States, 110 S.Ct. 1979, 1981 (1990). The Hughey Court held that restitution orders under the VWPA can be imposed "only for the loss caused by the specific conduct that is the basis of the offense of conviction." Both sides agree that Hughey limits restitution orders to conduct that is an element of the offense. They disagree, however, on how to interpret a 1990 amendment to the Victim and Witness Protection Act, designed in part to overrule Hughey. That amendment provides in pertinent part:
 
 
 6
 For the purposes of restitution, a victim of an offense that involves as an element a scheme, a conspiracy, or a pattern of criminal activity means any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.
 
 
 7
 18 U.S.C. § 3663(a)(2) (emphasis added).
 
 
 8
 The government argues that the 1990 amendment permits courts to order restitution for any conduct, whether an element of the crime or not, that is part of a pattern of activities that includes the conduct of conviction. In doing so, it misconstrues the scope of the 1990 amendment. In United States v. DeSalvo, 41 F.3d 505, 515 (9th Cir.1994), we held that the 1990 amendment overruled Hughey as interpreted by cases such United States v. Sharp, 941 F.2d 811, 815 (9th Cir.1991), in which we held that "even where the offense of conviction involves a conspiracy or scheme, restitution must be limited to the loss attributable to the specific conduct underlying the conviction." Under the amended statute, when someone is convicted of a crime that includes a scheme, conspiracy, or pattern of criminal activity as an element of the offense, the court can order restitution for losses resulting from any conduct that was part of the scheme, conspiracy, or pattern of criminal activity. For instance, if someone is convicted of a conspiracy, the court can order restitution for damage resulting from any conduct that was part of the conspiracy and not just from specific conduct that met the overt act requirement of the conspiracy conviction. The 1990 amendments, however, do not permit courts to order restitution for acts of related conduct when the defendant was not convicted of an offense which includes as an element a scheme, conspiracy, or pattern of criminal activity. See DeSalvo, 41 F.3d at 515. Accord United States v. Clark, 957 F.2d 248, 253 (6th Cir.1992) ("Section 3663(a)(2) by its terms extends only to those crimes where a scheme, conspiracy, or pattern of criminal activity is an element of the offense. ") (emphasis in original).
 
 
 9
 Rich was not convicted of an offense that had as an element a scheme, conspiracy, or pattern of criminal activity. The fact that he stipulated in his plea agreement that he had robbed another bank and agreed that the second robbery could count as relevant conduct under the sentencing guidelines does not change the offense of conviction into one that had as an element a scheme, conspiracy or pattern of criminal activity. Nor does that stipulation mean that Rich was convicted of robbing the second bank. Accordingly, we conclude that the court exceeded its legal authority when it ordered Rich to make restitution for $2,300 related to the robbery of the Key Bank, an offense of which he was neither charged nor convicted.
 
 
 10
 We also conclude that the judge did not abuse his discretion in ordering Rich to pay $3,950 restitution relating to the robbery of the West One Bank, the robbery to which he pleaded guilty. The statute governing the procedure for issuing restitution orders requires the court to consider "the amount of loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents and such other factors as the court deems appropriate." 18 U.S.C. § 3664(a). Rich claims that he is unable to pay restitution and argues that the court erred in ordering him to do so.
 
 
 11
 The presentence report noted that Rich had a high school education and prior work experience as a mill worker. It also noted that Mills had been ordered to pay $162 in monthly child support to his former girlfriend. The report recommended that Rich be required to make restitution, saying: "The defendant is, however, considered to be an able bodied person and thus able to pay full or partial restitution following his release from custody."
 
 
 12
 The judge adopted that recommendation, over Rich's objection, and ordered him to pay as much of the restitution as he could during his prison sentence and the rest at the rate of $104 a month, upon his release. In explaining his order at the sentencing hearing, the judge said: "It's based in part on the fact that the defendant's an able-bodied man that should be able to make some restitution for these robberies."
 
 
 13
 We conclude that the trial judge properly determined Rich's ability to pay.
 
 
 14
 AFFIRMED IN PART AND REVERSED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3