103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nicolas ORTIZ-LIZOLA, Defendant-Appellant.
 No. 95-50576.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1996.*
Decided Dec. 05, 1996.
 
 Before: BROWNING, THOMPSON and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Nicolas Ortiz-Lizola appeals the district court's denial of his motion to withdraw his guilty plea and the district court's decision not to award a minor participant sentence reduction under U.S.S.G. § 3B1.2(b). We affirm.
 
 
 3
 We review the district court's decision to deny a withdrawal motion for abuse of discretion. United States v. Signori, 844 F.2d 635, 637 (9th Cir.1988). After a thorough review of the record and the briefs, we determine that the district court did not abuse its discretion in denying the withdrawal motion.
 
 
 4
 We review the district court's factual findings regarding the terms of the plea agreement and whether the agreement was breached for clear error. United States v. Sharp, 941 F.2d 811, 816 (9th Cir.1990). Ortiz-Lizola complains the government breached the plea agreement by declining to move for a downward departure pursuant to U.S.S.G. § 5K1.1. However, that decision was left to the government's discretion under the unambiguous terms of the plea agreement. The district court correctly concluded that the government did not breach the agreement.
 
 
 5
 Ortiz-Lizola argues that the district court erred in refusing to grant him a two level reduction in his base offense because he was only a minor participant under U.S.S.G. § 3B1.2. We review the district court's finding for clear error. United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1147, 130 L.Ed.2d 1106 (1995). The downward adjustment for minor participants is to be used infrequently. United States v. Hoac, 990 F.2d 1099, 1105-1106 (9th Cir.1993), cert. denied, 510 U.S. 1120, 114 S.Ct. 1075, 127 L.Ed.2d 392 (1994). Possession of a substantial amount of narcotics is sufficient grounds for refusing a sentence reduction. United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991). The twelve kilograms of methamphetamine in Ortiz-Lizola's possession was a substantial amount. Id. Accordingly, the district court did not clearly err in refusing to grant a sentence reduction for minor participant.
 
 
 6
 The district court's decision is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3